No. 42,380

SPRAGUE OIL SERVICE, INC., a dissolved Corporation, *Appellee*, v. RICHARD T. FADELY [substituted for J. E. KIRCHNER], Director of Revenue, *Appellant*.

(367 P. 2d 56)

Opinion filed December 9, 1961.

*Dean Burkhead*, of Topeka, argued the cause, and *Robert C. Londerholm*, of Topeka, was with him on the briefs for the appellant.

*J. A. Dickinson*, of Topeka, argued the cause, and *Richard B. Clausing*, of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an appeal by J. E. Kirchner, Director of Revenue of the State of Kansas, from an order of the district court of Shawnee County sustaining the motion of the Sprague Oil Service, Inc., to dismiss the Director's appeal from an order of the Board of Tax Appeals on grounds the appellant (Director) had no right to take the appeal and the district court was without jurisdiction to hear it. By proper order Richard T. Fadely, now Director of Revenue, has been substituted as appellant in this Court.

The salient facts involved are not in dispute and can be briefly stated.

The Sprague Oil Service, Inc., a Kansas corporation, was engaged in the business of transporting petroleum and petroleum products within the State of Kansas until it was dissolved on August 19, 1958. Up to that time its stockholders were Harry A. Sprague, Viola Sprague and Dale M. Sprague, residents of McPherson County. The corporation's principal place of business, as well as the address of its resident agent Harry A. Sprague, was McPherson, Kansas. In July and the early part of August, 1958, the corporation sold all of its rolling stock, transmitting to its stockholders all proceeds from the sale thereof, and dissolved on the date first above indicated.

Thereafter the stockholders filed individual federal and state income tax returns for 1958, reporting the gain realized upon dissolution of the corporation, but the corporation itself did not report the gain from such sale on either of its federal or state income tax returns for that year. Subsequently, and on a date not disclosed by the record, the Income Tax Division of the State of Kansas, conceding that the gain was properly excludable for federal income tax purposes under section 337 of the Internal Revenue Code of 1954, but contending Kansas did not have a section of law similar to section 337 of the Federal Code, made an assessment against the corporation for such gain for state income tax in the amount of $4,979 including interest. Following this action the corporation appealed to the Director who approved the Division's action and assessed Kansas income tax against the corporation for the year 1958 in the amount above indicated.

Thereupon the corporation perfected an appeal from the order of the Director to the Board of Tax Appeals where, after a full and complete hearing, by order dated October 14, 1959, and by an amended order dated May 4, 1960, that body found that the Director had erroneously assessed Kansas income tax against the corporation for the year 1958 and ordered that the assessment made by the Director against the corporation should be and therefore was abated.

Later, specifying that he was taking action under the authority of G. S. 1959 Supp., 74-2426, the Director filed a notice of appeal in the district court of Shawnee County stating that he was appealing from the order of the Board of Tax Appeals in the matter involving the corporation and asking that the district court review such order, set it aside, and direct judgment in his favor against

the corporation sustaining the assessment he had made against it for its 1958 income tax. The corporation then filed a motion to dismiss the Director's appeal on grounds heretofore noted in the first paragraph of this opinion. When that motion was sustained the Director perfected the instant appeal wherein, stating it presents a matter of first impression, the Director as appellant and the corporation as appellee concede the sole question determined by the court below, and here involved, is whether the provisions of G. S. 1959 Supp., 74-2426 give the Director of Revenue the right to appeal to the district court from a final order of the Board of Tax Appeals.

The district court's decision on the question now before us, on which it based its order and judgment sustaining the motion to dismiss and dismissing the appeal there filed by the Director, is reflected in a well-written memorandum opinion which sets forth at length the decisive facts, outlines the issue, and states the considerations for its order and judgment in such manner and form that the opinion might well be incorporated in and made a part of the opinion of an appellate court. We have heretofore set forth the facts and outlined the controlling issue, hence further reference to those matters would result in repetition. However, for the reasons indicated, and others to be presently disclosed, we are disposed to quote that portion of the district court's memorandum opinion setting forth the considerations on which it based its decision. It reads:

"1. The duty to administer and enforce the Kansas income tax law is an administrative duty and not a judicial one. *Crawford Manufacturing Co. v. State Comm. of Revenue and Taxation,* 180 Kan. 352, [362], 304 P. 2d 504; *Montgomery Ward & Co. v. State Tax Comm.,* 151 Kan. 159, [172], 98 P. 2d 143; [*Union Pac. Rld. Co. v. State Tax Comm.,* 145 Kan. 715, 726, 68 P. 2d 1]. Neither the taxing officials nor the taxing boards of this state are judicial functionaries, so the provisions of the civil code for taking appeals to the District Court from inferior judicial tribunals do not apply, and while the Kansas theory for the administration of justice favors the right of appeal, such appeals must relate to matters which judicial tribunals are equipped to determine. *In re Chicago, R. I. & P. Rly. Co.,* 140 Kan. 465 at Page 470, 37 P. 2d 7. The rule is well settled that in the absence of statutory provisions therefor, District Courts are without jurisdiction to entertain appeals from non-judicial acts from administrative officials or boards [*City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 360 P. 2d 29.]. A right of appeal is neither a vested nor a constitutional right. It is purely statutory. *Murrow v. Powell,* 167 Kan. 283, 205 P. 2d 1193; *Anderson v. Hedges,* 160 Kan. 665, Syl. 2, 165 P. 2d 425. Thus it is clear that there is

no appeal from taxing agencies in the absence of statute, and the right of appeal is limited to the statute providing for such appeals. In order for an appellant to maintain his right to appeal he must bring himself clearly within some statute which provides for such an appeal.

"2. The particular statute upon which the appellant Director bases his purported right to appeal in the instant case is G. S. 1959 Supplement, 74-2426. This statute was enacted as Section 12 in Chapter 429 of the Laws of 1957. In interpreting and construing this statute, the Court has considered it necessary and proper to consider certain other sections of the same chapter in order to shed light upon the provisions of 74-2426. In construing the rights of the Director to appeal in this case the following sections of Chapter 429 of the Laws of 1957 should properly be considered:

"Section 5 (74-2437) provides in substance that the Board of Tax Appeals shall have the power and duty to approve or disapprove rules and regulations promulgated by the Director of Revenue and to hear appeals from the Director of Revenue on rulings and interpretations by said Director.

"Section 11 (74-2438). This section provides that an appeal may be taken to the Board from any finding, ruling, order, decision or other final action of the Director of Revenue by any person aggrieved thereby. There is further provision for notice and other procedural matters.

"Section 12 (74-2426). This section provides in substance, as far as is pertinent in this case, that after the final order by the Board of Tax Appeals, it shall mail a copy of its order by registered or certified mail to the 'person, firm, corporation, or association who was a party to such appeal.' It should be noted that there is no provision requiring mailing a copy of the final order to the Director of Revenue.

"Proceeding further, Section 12 provides that within thirty days after the mailing of the final order of the Board *any party to such appeal may appeal* to the District Court of the proper county. The question presented in this case is whether or not the Director falls into the category of 'any party to such appeal.'

"Section 12 further provides that appeals from orders made under any excise tax act shall be to the District Court of the county in which the party appealing resides, or has its principal place of business, or, if a non-resident of the State of Kansas, to the District Court of the county in which he maintains his principal place of business within the state, or if he has no place of business within the state, then to the District Court of Shawnee County.

"Section 12 further provides that at the time of filing the appeal, the party appealing under any excise tax act shall give a bond for costs in the sum of $25, and in the event the appeal is from an order determining the amount of tax assessable and the tax has not been paid, an additional bond in an amount equal to twice the amount of the tax assessed. It should be noted that if the Director has the right to appeal as contended by the appellant in this case, there is no provision which relieves him of the obligation to furnish a bond for costs under this section. In the present case it appears that no bond for costs was ever provided by the Director.

"Section 12 further provides that *upon filing of the notice of appeal the Director shall be deemed to be a party to such an appeal.* The Clerk of the

District Court is then required to docket the cause as a civil action and issue summons and cause the same to be served upon the Director in accordance with the manner now provided by law in civil cases. It is important to note that it is not until the notice of appeal has been filed in the District Court that the Director is deemed a party to the appeal. There is no provision for service of summons upon the taxpayer in the event the Director takes an appeal. This would indicate that only the taxpayer has the right to appeal. Otherwise, there would be a provision for the service of summons upon the taxpayer in the event the Director took an appeal.

"Proceeding further under Section 12, there is a specific provision that appeals may be taken from the District Court to the Supreme Court by the party appealing *or by the Director* as in civil cases, except that the Director shall not be required to give bond on appeal. It appears to this Court that the language here clearly indicates that the Director is distinct from the party appealing in the District Court since the language is that appeals may be taken to the Supreme Court by the party appealing *or* by the Director. Also the fact that the Director by express language is not required to give bond on appeal to the Supreme Court clearly indicates that it was not contemplated that the Director should appeal in the first instance from the order of the Board of Tax Appeals to the District Court, since no similar provision was made exempting the Director from furnishing bond on appeal from the Board of Tax Appeals to the District Court.

"Finally, it should be noted under Section 12 that 'the final decision made in such appeal shall be entered as a judgment as in other civil cases *against the party appealing or against the Director, as the case may be.*' In view of this language, which is in the alternative, it is clear that the Director is not the same as the party appealing.

"Section 17 (74-2427) provides that upon the request of the attorney for the Director of Revenue the county attorney for any county wherein the appeal is pending under this act shall appear and defend or assist in defending against such appeals on behalf of the State of Kansas and shall be entitled to no additional compensation for such service. It should be noted here that the language of the statute requires the county attorney to *appear and defend or assist in defending against such appeals.* If the Director of Revenue had the right to appeal, it would seem just as important to have the county attorney appear and prosecute or assist in prosecuting appeals as defending against them. Such language would negative the right of the Director initially to appeal from the orders of the Board of Tax Appeals to the District Court.

"3. The attention of counsel is directed to G. S. 1949, 41-323, which statute involves the right to appeal to the District Court from decisions of the Alcoholic Beverage Control Board of Review refusing, suspending, revoking or granting retail liquor licenses. Under this statute the State Director of Alcoholic Beverage Control is *specifically* by express language given the authority to appeal from the Board of Review to the District Court of the county in which the premises licensed or sought to be licensed are located. The fact that the Director of Alcoholic Beverage Control is *specifically* given that authority under 41-323 lends authority to the proposition that the Director of Revenue does not have the right to appeal from orders of the Board of Tax

Appeals since he was not specifically given such right of appeal under 74-2426.

"4. In his memorandum letter to the Court the Director of Revenue admits 'that there was no such appeal prior to July 1, 1957, when the Director of Revenue was under the direct supervision of the old State Commission of Revenue and Taxation.' In this regard, the Court thinks it important to note that under G. S. 1959 Supplement, 74-2437, the Board of Tax Appeals is specifically given the power and duty to approve or disapprove rules and regulations promulgated by the Director of Revenue. It is thus clear that insofar as the power to make rules or regulations is concerned, the actions of the Director are subject to the approval or disapproval of the Board as a higher administrative agency. The question presented in the instant case, as shown by the notice of appeal, involves in substance the interpretation of 94-2-71 of the income tax regulations of the State of Kansas. It does not even seem logical to this Court to contend that the Director is subject to the power of the Board of Tax Appeals in the approval or disapproval of rules and regulations, but that in the area of interpretation of such rules and regulations the Director is not bound by the decisions of the Board of Tax Appeals. Obviously the Board of Tax Appeals under its broad power and duty to approve or disapprove rules and regulations promulgated by the Director of Revenue is the highest administrative agency in the administration of the Kansas income tax act. The Director, being a subordinate agency, should not have the right to appeal from the orders of his superior authority *in the absence of a clear statute granting such right of appeal.* Such a right of appeal is not only not granted in the instant case under the section cited above, but from the language used it is clear that the legislature did not intend that the Director of Revenue should have the right to appeal initially from the orders of the Board of Tax Appeals, but should only have the right to appeal to the Supreme Court in the event of an adverse ruling in the District Court.

". . . It is therefore the order of this Court that the motion of the appellee Sprague Oil Service, Inc., for an order dismissing the purported appeal filed herein by J. E. Kirchner, Director of Revenue of the State of Kansas, be sustained."

After a careful and extended analysis of the reasons given by the district court in the heretofore quoted portion of its memorandum opinion for its decision we are convinced that such opinion (1) cites the law applicable to a decision of the question raised by appellee's motion to dismiss the appeal in district court; (2) assigns sound and controlling reasons for its order and judgment dismissing the appeal; and (3) effectively answers the questions raised, and arguments advanced with respect thereto, by the appellant in support of his position the provisions of G. S. 1959 Supp., 74-2426 give the Director of Revenue the right to appeal to the district court from the involved order of the Board of Tax Appeals.

In view of the conclusions just announced we know of no good reason why our reports should be burdened with extended dis-

cussion and consideration of contentions which have already been correctly disposed of in the foregoing portion of the heretofore quoted comprehensive written opinion. Therefore we approve such portion of the opinion and, based on what is there stated and held, conclude the district court's action in dismissing the Director's attempted appeal, on the grounds set forth in the motion asking for that relief, was proper and must be upheld.

The judgment is affirmed.