No. 44,475

Republic Natural Gas Company, a Dissolved Corporation, *Appellant*, v. Leonard H. Axe, Director of Revenue of the Department of Revenue, State of Kansas, Substituted for Wayne E. McCoy, *Appellee*.

(415 P. 2d 406)

Opinion filed June 11, 1966.

*Robert J. Roth*, of Wichita, argued the cause, and *A. W. Hershberger, Richard Jones, Wm. P. Thompson, H. E. Jones, Jerome E. Jones, William R. Smith* and *Robert J. O'Connor*, all of Wichita, were with him on the brief for appellant.

*Dean Burkhead*, of Topeka, argued the cause, and *C. A. Arterburn*, of Topeka, was with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: This is an action for refund of income tax paid to the State of Kansas on a gain realized from a sale of assets by Republic Natural Gas Company, a dissolved corporation, in their fiscal year ending June 30, 1962.

The Republic Natural Gas Company will be referred to as the corporation. Leonard H. Axe, Director of Revenue of the Department of Revenue, State of Kansas, will be referred to as the director.

The corporation was incorporated under the laws of Delaware, and was one of the developers of the natural gas industry in the

Hugoton Field in Kansas. It filed its Kansas income tax return on June 27, 1962, and paid a tax of $1,844,079.20, which amount included tax on a capital gain of $51,117,426.00 resulting from the sale of assets in liquidation.

A claim for refund by the corporation in the amount of $1,789,-109.91 was filed with the director. The director refused to take action on this claim. Action was filed in the District Court of Shawnee County pursuant to the provisions of G. S. 1961 Supp., 79-3230. The director filed answer. The case was submitted on the following Stipulation of Facts:

"1. The plaintiff was incorporated pursuant to the laws of the State of Delaware on November 24, 1934, and was dissolved pursuant to the laws of that state on November 23, 1962; F. M. Mayer was appointed Trustee in Dissolution for plaintiff; and the corporate entity of the plaintiff is continued for the purposes of this action pursuant to K. S. A. 17-3606.

"2. The defendant, Wayne E. McCoy, is the duly appointed, qualified and acting Director of Revenue of the Department of Revenue of the State of Kansas and is the proper party defendant herein.

"3. At the time of dissolution, the plaintiff had outstanding 3,005,107 shares of capital stock owned by 4,512 stockholders. Some of these stockholders were residents of the State of Kansas but most were nonresidents. Prior to the dissolution, the plaintiff's principal source of income was from its oil and gas operations conducted within the State of Kansas, and the plaintiff has for many years paid income tax to the State of Kansas upon its earnings in this State.

"4. On December 28, 1961, the stockholders of plaintiff adopted a plan of complete liquidation of plaintiff's assets which said plan qualified for the application of the provisions of Section 337 of the United States Internal Revenue Code of 1954; the assets were not distributed in kind to the individual stockholders but such assets were sold by the corporation and the proceeds of said sale were then distributed proportionately to the individual stockholders.

"5. A capital gain of $51,117,426.00 was realized on this sale but said gain was not recognized by the Federal Government since the liquidation was completed within the purview of Section 337.

"6. The plaintiff on June 27, 1962, filed its Kansas income tax return for the tax period from July 1, 1961, to December 31, 1961, and paid to the State of Kansas a total income tax of $1,844,079.20. The tax was computed on a net income of $52,687,977.00. This net income included the capital gain of $51,117,426.00 resulting from the sale of the assets in liquidation.

"7. The plaintiff contends that the capital gain realized is not taxable by the State of Kansas and that the plaintiff should have been taxed by Kansas on a net income of $1,570,551.00 instead of on a net income of $52,687,977.00 and a tax of $54,969.29 should have been paid instead of $1,844,079.20.

"8. The plaintiff on November 29, 1962, filed a claim with the defendant Director of Revenue for refund of the amount of $1,789,109.91; the defendant refused to refund said amount and refused to take action on said claim for refund.

"9. The plaintiff filed a petition herein praying for judgment against the defendant for the sum of $1,789,109.91 plus interest thereon from June 27, 1962, until paid and for its costs herein. . . . The defendant Wayne E. McCoy, Director of Revenue, has filed his answer.

"10. The Board of Tax Appeals of the State of Kansas, determined in the cases of Sprague Oil Service, Inc., and the Keas Pipeline Company, Inc., that Kansas should follow and apply Section 337. The Board later reversed its position and held the gain taxable in the cases of Keystone Construction Company, Docket No. 20, McPherson Terminal Elevator Company, Inc., Docket No. 29, Western Development, Inc., Docket No. 30, Southwest Car Rentals, Inc., Docket No. 38, Donalson Building Company, Inc., Docket No. 50, and Voight Oil Company, Inc., Docket No. 51."

Upon oral motion of the defendant, Leonard H. Axe, who succeeded to the position of Director of Revenue, was substituted as the proper party defendant in place of Wayne E. McCoy. The trial court entered judgment in favor of the director. Plaintiff has appealed.

The appellant herein contends: (1) That no taxable capital gain was realized by the corporation and the court erred in finding the sale of assets was made by the corporation and not by the stockholders; (2) That the State of Kansas is committed to a policy requiring application of Section 337 of the Internal Revenue Code of 1954 to the Kansas tax laws.

The court below found that the assets were not distributed in kind to the individual stockholders but such assets were sold by the corporation and the proceeds of said sale were then distributed proportionately to the individual stockholders. The corporation contends that the plan of complete liquidation and distribution which qualified under Section 337 of the U. S. Internal Revenue Code in effect constituted the corporation the agent of the stockholders to whom a physical distribution could not be made, and the only taxable gain was realized by the individual stockholders. This theory does not appear to be supported by the evidence in this case.

The provisions of the Delaware corporation law are similar to the Kansas law governing dissolution of a corporation. Both provide three years for continuation of the corporation after dissolution for purposes of suit and winding up affairs of the corporation. (K. S. A. 17-3606.)

The law of Delaware provides that corporations shall be continued bodies corporate for a term of three years after dissolution for the purpose of enabling them gradually to settle and close their business, to dispose of and convey their property and to divide their

capital stock. (8 Del. C. § 278.) In such case they remain intact as corporations. Their acts are those of a corporation and binding upon the stockholders.

The stipulated facts include a statement that the assets were not distributed in kind to the individual stockholders but such assets were sold by the corporation and the proceeds of said sale distributed proportionately to the individual stockholders.

The Kansas statutes relating to income tax in this case are as follows:

G. S. 1961 Supplement, 79-3203 (*b*):

"Corporations shall pay annually a tax with respect to carrying on or doing business of three and one-half percent (3½%) on the entire net income, as herein defined, derived from property located and business transacted within this state during the taxable year."

G. S. 1961 Supplement, 79-3205 (*a*) (1):

" 'Gross income' includes gains, profits, and income derived from . . . sales or dealings in property, growing out of the ownership or use of or interest in such property; also from . . . gains or profits and income derived from any source whatever, . . ."

G. S. 1961 Supplement, 79-3212:

"(*a*) The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 79-3213 (*b*) as amended herein, for determining gain . . . (*b*) Upon the sale or exchange of the property the entire amount of the gain or loss, determined under subsection (*a*) shall be recognized, except . . ." (Listed here are a number of exceptions, none of which apply to the case at bar.)

G. S. 1961 Supplement, 79-3216:

"(*a*) In the case of the taxpayer, *other than a corporation*, only the following percentages of the gain or loss recognized upon the sale or exchange of a capital asset shall be taken into account in computing net income: One hundred percent (100%) if the capital asset has been held for not more than six (6) months; fifty percent (50%) if the capital asset has been held for more than six (6) months. (*b*) For the purposes of this act, 'capital assets' means property held by the taxpayer (whether or not connected with his trade or business) . . ." (Emphasis supplied.)

Prior to 1954 the federal laws were comparable. Section 112 of the Internal Revenue Code, which compares to G. S. 1961 Supp. 79-3212, read as follows:

"RECOGNITION OF GAIN OR LOSS.

"(*a*) GENERAL RULE. Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized, except as hereinafter provided in this section."

(Here again are listed numerous exceptions, none of which are applicable in this case.)

In 1954 the Congress of the United States amended the Internal Revenue Code by adding Section 337 which is as follows:

"(*a*) GENERAL RULE, —If—

"(1) a corporation adopts a plan of complete liquidation on or after June 22, 1954, and

"(2) within the 12-month period beginning on the date of the adoption of such plan, all of the assets of the corporation are distributed in complete liquidation, less assets retained to meet claims, then no gain or loss shall be recognized to such corporation from the sale or exchange by it of property within such 12-month period."

Section (*b*) defines what property is subject to provisions of Section 337; subsection (*c*) provides certain limitations upon the application of Section 337; subsection (*d*) provides certain special rules for certain minority shareholders, none of which apply here.

The State of Kansas has not adopted a provision similar to Section 337 of the Federal Internal Revenue Code. This is not disputed.

The director pursuant to legislative authority granted to him by K. S. A. 79-3236 has adopted certain regulations to assist in carrying out the income tax laws. One such regulation is as follows:

Regulation 92-4-71:

"GENERAL RULE. In general, the entire amount of gain or loss is to be recognized. An exception to the general rule is made in cases of certain exchanges of property where the new property is substantially a continuation of the old investment still unliquidated. The exceptions to the general rule are specifically set forth in section 79-3212 and will be strictly construed.

"The provisions of section 79-3212 are similar to the provisions of section 112 of the Internal Revenue Code, and in construing the provisions of section 79-3212, regulations of the United States Treasury Department and decisions of the federal courts, and Tax Court, pertaining to the recognition of gain or loss will be given due consideration by the Director of Revenue."

This regulation remained in effect at the time of the dissolution and liquidation of the corporation.

The appellant puts forth the ingenious argument that the Kansas legislature has amended the Kansas income tax laws from time to time to conform with the Federal Act, and the director has on numerous occasions directed changes in the regulations to conform. Appellant then reasons that because of such practice of the Kansas legislature and the director, Kansas is committed to a policy requiring application of Section 337 of the Internal Revenue Code to Kansas income tax law. We cannot agree. Taxation is a specific legislative method of providing income with which to carry out governmental functions. Federal taxation is completely within the

authority of the congress of the United States. State taxation is within the authority of the legislature of Kansas. The amendment or repeal of a federal taxing statute will not and cannot effect a like change in the Kansas taxing law. Such change must come, if at all, by action of the Kansas legislature.

We have examined the law expressed in the cases of *Comm'r. v. Court Holding Co.,* (1945) 324 U. S. 331, 65 S. Ct. 707, 89 L. Ed. 981; *U. S. v. Cumberland Pub. Serv. Co.,* (1950) 338 U. S. 451, 70 S. Ct. 280, 94 L. Ed. 251; *Jones v. Grinnell,* 179 F. 2d 873 (10th Cir. 1950); *Wichita Term. El. Co. v. Commissioner of Int. R.,* 162 F. 2d 513 (10th Cir. 1947); *Ingle Coal Corporation v. Commissioner of Int. Rev.,* 174 F. 2d 569 (1949) and other cases cited by appellant. These were decided before the 1954 Internal Revenue Code incorporated Section 337 I. R. C. into federal law. Although there may be difficulty in reconciling these federal decisions under the provisions of Section 112 of the 1939 Internal Revenue Code it is apparent that these federal cases of the United States courts held such transactions as are involved in the instant case to be taxable. These were decided under a federal tax law very similar to the Kansas statutes set forth in this opinion.

Where a statute of one jurisdiction has been judicially construed before the adoption of the statute by this jurisdiction, our courts will assume that the statute as judicially construed was adopted. *Stebbins v. Guthrie,* 4 Kan. 353, 364; *McHenry v. Hubbard,* 156 Kan. 415, 420, 134 P. 2d 1107.

Appellant points to the holdings of the Board of Tax Appeals set forth in the stipulation of facts as authority. These were reversed by decision of the board in a group of later cases also set forth in the same paragraph of the stipulation.

The Board of Tax Appeals is in the executive branch of the government and has no authority to legislate or set public policy. K. S. A. 74-2433. See also *Sprague Oil Service v. Fadely,* 189 Kan. 23, 367 P. 2d 56.

No power has ever been delegated to this board to adopt or determine laws contrary to express statutory provisions. Any such attempted delegation of power would be unlawful delegation of power and not binding upon this court.

Neither the Director of Revenue nor this court can grant an exemption from a tax which has not been specifically granted by the legislature of the state of Kansas. Change in this area of public policy is for the legislature. The question of the wisdom, justice or

expediency of legislation is for that body and not for the courts. *McAllister v. Fair*, 72 Kan. 533, 536, 84 Pac. 112; *State, ex rel., v. Kansas Turnpike Authority*, 176 Kan. 683, 695, 273 P. 2d 198.

The general rule has been that exemptions from general taxing laws are to be strictly construed, and where a taxpayer seeks to escape the impact of a tax law he has the burden of pointing out some specific exemption under the taxing statutes. *Nutrena Mills, Inc. v. State Tax Comm.*, 150 Kan. 68, 75, 91 P. 2d 15; *Federal Land Bank v. Board of County Commissioners*, 187 Kan. 148, 157, 354 P. 2d 679; *Midwest Solvents Co. v. State Comm. of Rev. & Taxation*, 183 Kan. 104, 109, 325 P. 2d 311. No such exemption has been pointed out by appellant.

The judgment is affirmed.