No. 45,689

Fred W. Walkemeyer, Ralph V. McCue and Owen Anderson, County Commissioners, and Members of the Board of Equalization; Sarah Etta Reynolds, County Clerk; and Lucille Ashlock, County Treasurer; all of Stevens County, Kansas, *Appellees,* v. The Stevens County Oil and Gas Company, *Appellant.*

(470 P. 2d 730)

Opinion filed June 13, 1970.

*Mark H. Adams, II,* of Adams, Jones, Robinson and Manka, of Wichita, argued the cause, and *Joe Rolston,* of the same firm, was with him on the brief for appellants.

*Paul A. Wolf,* county attorney, argued the cause, and was on the brief for appellees.

The opinion of the court was delivered by

FATZER, J.: The appellant taxpayer is the owner and operator of nineteen producing gas wells in Stevens County. Pursuant to K. S. A. 79-332 it was required to file its statement of assessment of its leasehold interests and producing gas wells together with all casing and other equipment, with the county clerk acting as county assessor on or before April 1, 1968. The taxpayer failed to file such statement on April 1, and further failed to file a request in writing for extension of time to file the rendition after April 1, 1968.

On April 11, 1968, the taxpayer filed its statement of assessment with the county clerk. After ascertaining the justifiable value of the taxpayer's property and assessing the same at 30 percent thereof, the assessing official added a ten percent penalty to the assessed valuation, and gave notice of such fact to the taxpayer. The justifiable value of the property was determined by the assessor in accordance with the taxpayer's rendition statement, and the ten percent was added to that assessed taxable value as a penalty for the late filing of the statement of assessment.

Thereafter, the taxpayer filed a complaint of assessment with, and appeared before, the Stevens County Board of Commissioners sitting as the County Board of Equalization pursuant to K. S. A. 79-1602, seeking relief from the ten percent penalty. Relief was denied.

The taxpayer appealed to the State Board of Tax Appeals sitting as the State Board of Equalization pursuant to K. S. A. 79-1609. The statute authorizes any person aggrieved by any order of the County Board of Equalization to appeal to the Board of Tax Appeals by filing a written notice of appeal with such Board, stating the grounds thereof and a description of any comparable property or properties and the assessment thereof upon which he relies as

evidence of inequality of assessment of his property, if that be the ground of the appeal, and by filing a copy thereof with the clerk of the County Board of Equalization within fifteen days after the date of the order from which the appeal is taken. (See, also, K. S. A. 79-1409.)

On July 23, 1968, the appeal was heard by the State Board of Tax Appeals sitting as the State Board of Equalization, and both parties offered evidence at length. Prior to the hearing, the county attorney of Stevens County filed a motion to dismiss the appeal upon the grounds 79-332 required the county assessing official to add the ten percent penalty for the late filing of the taxpayer's rendition statement, and that neither the State Board of Equalization nor the County Board of Equalization was authorized by law to remove such penalty; consequently, the State Board of Tax Appeals sitting as the State Board of Equalization had no jurisdiction to hear and decide the controversy. The motion to dismiss was overruled.

On October 30, 1968, the State Board of Tax Appeals sitting as the State Board of Equalization entered its order granting the relief sought upon the ground the taxpayer was in substantial compliance with 79-332 and the penalty was improperly assessed; further, that because of the assessment of the ten percent penalty, the taxpayer's property was assessed higher than other similar property in Stevens County and "therefore the penalties indicated (on the assessed taxable value of each of the nineteen leases) . . . should be stricken." The order was that the "assessment on these leases as originally rendered (by the taxpayer) . . . should be the valuation used by Stevens County for tax purposes for 1968."

For some unexplained reason, the Board's order did not arrive in Hugoton until December 9, 1968. The taxpayer received notice of the Board's order on either December 9th or 10th. Since the county clerk and treasurer were unaware of the Board's order prior to December 9, 1968, a tax statement, including the penalty, was mailed to the taxpayer.

On December 11, 1968, the appellee county officials perfected an appeal to the district court of Stevens County from the order of the State Board of Tax Appeals pursuant to K. S. A. 74-2426. The notice of appeal alleged four reasons why the Board's order should be set aside: (1) the ten percent penalty placed upon the taxpayer's property was in compliance with K. S. A. 79-332, the provisions of which are mandatory and not discretionary; (2) neither the

County Board of Equalization nor the State Board of Equalization had authority to relieve the taxpayer of the penalty; (3) the county attorney's motion to dismiss the taxpayer's appeal to the State Board of Tax Appeals should have been sustained, and (4) the matter in controversy did not in any way pertain to the equalization or the assessment of property taxes, and the appeal to the district court was properly taken pursuant to 74-2426.

On January 10, 1969, the taxpayer appeared specially and moved to dismiss the county officials' appeal, alleging six grounds upon which the purported appeal was void, and that the district court lacked jurisdiction to hear the same.

The parties stipulated to the facts and the exhibits to be considered as evidence by the district court, which included, among other things, the taxpayer's special appearance and its motion to dismiss the county officials' appeal, the transcript of proceedings before the State Board of Tax Appeals sitting as the State Board of Equalization, and the affidavit of the taxpayer's managing officer.

Upon consideration of the stipulation of facts, the exhibits, and the affidavit, the district court made findings of fact and conclusions of law, overruled the taxpayer's motion to dismiss the appeal, and entered judgment setting aside the order of the State Board of Tax Appeals sitting as the State Board of Equalization made on October 30, 1968, upon the grounds and for the reason the order was made without jurisdiction and was unlawful. This appeal followed.

The assessment of oil and gas property in Kansas is essentially a self assessment system similar to our state and federal income tax system and is made in accordance with K. S. A. 79-329 to 79-334, inclusive. K. S. A. 79-332 reads in pertinent part.

"When any person, corporation or association owning oil and gas leases or engaged in operating for oil or gas fails to make and file a statement of assessment under the provisions of this act on or before April 1, but shall file a statement:

"1. Within fifteen (15) days thereafter, the assessor shall, after he has ascertained the value of the property of such taxpayer, add ten percent (10%) to the assessed taxable value as a penalty for late filing . . .

"*Provided,* That for good cause shown the county assessor or county clerk acting as county assessor may extend the time in which to make and file such statement: *Provided further,* That such request for extension of time must be in writing and must be received by the county assessor or county clerk acting as assessor prior to the due date of the return."

The statute requires any person owning oil and gas leases or engaged in operating for oil or gas to file a statement of assessment

of such personal property with the county assessing officer on or before April 1, or seek an extension of time in writing. A penalty is imposed against the property owner for failure to render such statement when due. Such a requirement is clearly within the province of the Legislature and must be complied with. The object, of course, is to make effective the legislative power to levy and collect taxes, and to assist the assessors to discover and assess property on which to levy such taxes.

In the instant case, the statement of assessment was filed April 11, 1968, or within fifteen days after April 1, and the taxpayer made no request for extension of time in writing. After ascertaining the justifiable value of the taxpayer's property and assessing the same at 30 percent of such value, the county clerk added ten percent to such taxable value as a penalty for late filing as directed by 79-332 (1). The assessment of such penalty is not a valuation or assessment function, and the requirement of the statute is mandatory. (85 C. J. S., Taxation, § 1025, p. 582; 51 Am. Jur., Taxation, §§ 667, 669, pp. 628, 629.) The assessing official has no discretion as to the imposition of the penalty and is required to impose it in all instances where the taxpayer fails to file a statement or assessment within the required time. However, the power to impose penalties on delinquent taxpayers is conferred only by statute, and before a penalty may be assessed, the record must clearly disclose the case comes squarely within the provisions of the statute.

We have not overlooked the taxpayer's contention the word "shall" as used in 79-332, should be construed as being directory and not mandatory, and the case of *Curless v. Board of County Commissioners*, 197 Kan. 580, 419 P. 2d 876, it cites and relies upon. That case dealt with the issuance of a renewal beer license and it was held the board was compelled to issue the license in question. Had the Legislature intended 79-332 to be discretionary, it would have made provisions for the assessing official to waive or excuse the penalty. But no exemption is provided as in other sections of Chapter 79 relating to taxation. See K. S. A. 79-1503 pertaining to inheritance taxes and for the waiver of interest by the director; K. S. A. 79-3228 (f) relating to the timely filing of state income tax returns and the waiver of penalties by the director for reasonable cause; K. S. A. 79-3410 relating to motor fuel tax and the waiver of penalties by the director where the delinquency was due to causes beyond the taxpayer's control; K. S. A. 79-3615 (3) pertaining to sales tax and the waiver or reduction of penalties where

failure to pay the tax was due to reasonable cause, and K. S. A. 79-3706 relating to compensating tax where the director is authorized to waive or reduce interest or penalty when the tax is not paid when due, due to reasonable cause.

The fact the assessing official approved and used the taxpayer's rendition statement in determining the assessed taxable value of its property for 1968, does not change the result. (85 C. J. S., Taxation, § 1025 [2], p. 584.) The assessing official did not act unlawfully; there was no mistake in the property described in the tax rendition statement, and we are of the opinion the ten percent add-on penalty was applied by the assessor as required by law.

The taxpayer's contention the controversy before us pertains to a property tax equalization matter and that the State Board's order was valid, is not well taken. The State Board of Tax Appeals is a creature of the Legislature. Its authority and power is only such as is expressly or impliedly given by legislative enactment. If it attempts to exercise jurisdiction over a subject matter not conferred by the Legislature, its orders with respect thereto are without authority of law and void. (*Republic Natural Gas Co. v. Axe*, 197 Kan. 91, 96, 415 P. 2d 406.)

As indicated, an appeal to the State Board of Tax Appeals may be taken from any order of the County Board of Equalization. (79-1609.) Where, as here, such an appeal was taken by the taxpayer, the State Board of Tax Appeals sitting as a State Board of Equalization, is granted jurisdiction and power pursuant to K. S. A. 79-1409 to equalize the valuation and assessment of property throughout the state, and is empowered to equalize the assessment of all property between persons, firms or corporations of the same assessment district.

In the instant case, there clearly was no question as to the assessment, or the equalization of assessment of property for tax purposes involved in any of the proceedings before the Board of County Commissioners or the State Board of Tax Appeals sitting as Boards of Equalization. The record discloses, and the parties conceded at oral argument, there was no improper or excessive assessment of the taxpayer's property for 1968. That valuation is conceded to be proper. The only question involved in the entire proceedings was the ten percent penalty which was added to the assessed taxable value pursuant to the terms of a mandatory statute, due to the delinquency of the taxpayer.

As previously indicated, the assessment of the ten percent "add-on" penalty is not a valuation or assessment function. It is a sanction imposed by the Legislature against the taxpayer for failure to make timely rendition of property for taxation purposes. Its subject matter is not such as to confer jurisdiction upon the State Board of Tax Appeals to be modified, reduced, cancelled or eliminated, either directly, in the absence of statutory authority— and none has been cited—or indirectly, under the guise of a finding that its imposition caused the taxpayer's property to be assessed "relatively higher than other similar property in said county and therefore the penalty . . . should be stricken." We conclude the State Board of Tax Appeals has no appellate jurisdiction as a Board of Equalization over a penalty lawfully assessed under 79-332, or to remove such a penalty imposed by the county assessing official. The order of the State Board of Tax Appeals of October 30, 1968, sitting as a State Board of Equalization purporting to relieve the taxpayer of the penalty was made without authority of law and void, and the district court did not err in so concluding.

The taxpayer contends the county officials had no right to appeal from the order of the State Board of Tax Appeals since the subject matter involved the determination, modification or equalization of the assessment of property for tax purposes, which precluded the right to appeal; further, that appeals to the district court from final orders of the Board are applicable only to such matters as are appealed to that Board from orders of the Director of Revenue or the Director of Property Valuation. It cites and relies upon *Union Pacific Railroad Co. v. Sloan,* 188 Kan. 231, 361 P. 2d 889, and *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 360 P. 2d 29. We think the appeal was authorized by K. S. A. 74-2426. The pertinent portion reads:

"Whenever the board of tax appeals shall enter its final order *on any appeal,* said board shall mail a copy of its order by registered or certified mail to the person, firm, corporation or association who was a party to such appeal. Within thirty (30) days after the mailing of the final order of the board, *any party to such appeal may appeal to the district court of the proper county: Provided,* That no such appeal may be taken to the district court from any order determining, approving, modifying or equalizing the assessment of property for property tax purposes . . . Appeals from any final order made by the board *as to ad valorem tax liability* shall be to the district court of the county in which the property involved is located . . . Jurisdiction to hear and determine such appeals is hereby conferred upon the district courts of this state. Such an appeal shall be heard as an equity proceeding, and shall proceed as an

original action. Trial may be had or any order made in term or vacation." (Emphasis supplied.)

Our decisions in *Union Pacific* and *Jones-Laughlin* applied the statute as it existed in G. S. 1957 Supp. Those cases dealt with orders made by the Board of Tax Appeals on *original applications* for relief of tax grievances under G. S. 1949, 79-1702. Attempted appeals to the district courts were dismissed. It was held in both cases the provisions for appeal to the district court from a final order of the Board of Tax Appeals pursuant to G. S. 1957 Supp., 74-2426, were applicable only to such matters as were appealed to the State Board from orders of the Director of Revenue or the Director of Property Valuation. Those decisions do not control the instant case. The statute here involved was amended in 1958 and K. S. A. 79-1609 was enacted in 1959 (L. 1959, Ch. 376, § 4) authorizing any person aggrieved by any order of the County Board of Equalization to appeal to the Board of Tax Appeals as heretofore noted.

The 1958 amendment to 74-2426 (L. 1958, Ch. 21, § 1) added the proviso:

"That no such appeal may be taken to the district court from any order determining, approving, modifying, or equalizing the assessment of property for property tax purposes."

The statute was also amended in 1969 (L. 1969, Ch. 368, § 1, now K. S. A. 1969 Supp. 74-2426) in matters not pertinent to this appeal.

We are of the opinion the express affirmative provisions of the statute granting an appeal to the district court from any *final order* entered by the State Board of Tax Appeals on *any appeal,* including an appeal from an order of the County Board of Equalization, which does not modify or equalize the assessment of property for property tax purposes, confers jurisdiction upon the district court of the proper county to hear and determine such appeal.

Venue for such an appeal as to ad valorem tax liability is to the district court of the county in which the property is located—here, Stevens County. The appeal is taken by filing written notice stating it is to the district court and alleging the facts upon which it is grounded. The statute provides the Director of Property Valuation shall be a party to such appeal, and that the clerk of the court shall issue summons and cause the same to be served upon him. That was done in the instant case. The director answered and admitted the ten percent penalty was placed upon the taxpayer's property in compliance with 79-332, which was mandatory and not

discretionary. The director's further allegation that he was not an indispensable, necessary or proper party in the action, was not determined by the district court.

We conclude the district court had jurisdiction of the appeal. The ten percent add-on penalty was properly imposed by the county assessing official pursuant to a mandatory statute due to the delinquency of the taxpayer. That was not an assessment function—it was an administrative act vested in the county assessing official by the Legislature. Moreover, the final order of the State Board in no wise determined or involved the equalization of the assessment of property for property tax purposes. As that final order indicates, the only matter involved was the propriety of the penalty. The order directed that the penalty be stricken, and stated that the assessed value of the leases "as originally rendered (by the taxpayer) . . . should be the valuation used by Stevens County for tax purposes for 1968." That was the valuation used by the assessing official in determining the assessed taxable value before the penalty for late filing was lawfully imposed.

Other questions have been raised but the foregoing disposes of the appeal and it is not necessary to discuss and decide them. The appeal to the district court was properly and timely taken, and it did not err in rendering judgment setting aside the final order of the State Board as being entered without authority of law.

The judgment is affirmed.