(861 P.2d 1348)

No. 68,321[1]

BOARD OF COUNTY COMMISSIONERS OF MEADE COUNTY and BOARD OF COUNTY COMMISSIONERS OF MORTON COUNTY, *Petitioners/Appellants*, v. DIRECTOR OF PROPERTY VALUATION, STATE OF KANSAS, *Respondent/Appellee*, and PANHANDLE EASTERN PIPE LINE COMPANY, *Intervenor/Appellee*.

Opinion filed May 14, 1993.

*Thomas H. Bornholdt* and *Benjamin J. Neill*, of Neill, Bornholdt & Terrill, of Overland Park, for appellants.

*William E. Waters*, of Kansas Department of Revenue, of Topeka, for appellee Director of Property Valuation.

*Bruce F. Landeck*, of Bennett, Lytle, Wetzler, Winn & Martin, of Prairie Village, for appellee Panhandle Eastern Pipe Line Company.

*Richard D. Greene* and *Robert W. Coykendall*, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, and *Karen Pauley* and *Virginia Amend*, of ANR Pipeline Company, of Colorado Springs, for *amicus curiae* Colorado Interstate Gas Company.

Before BRAZIL, P.J., GERNON, J., and DAVID PRAGER, Chief Justice Retired, assigned.

BRAZIL, J.: The Meade County Board of County Commissioners and the Morton County Board of County Commissioners (Counties) appeal a Board of Tax Appeals (BOTA) order dismissing their appeal in favor of the Director of Property Valuation (Director) and Panhandle Eastern Pipe Line Company (Panhandle Eastern). The Counties appealed a Division of Property Valuation (Division) assessment valuing certain public utility properties located in their counties.

We find that neither BOTA nor this court has jurisdiction pursuant to K.S.A. 74-2438 to hear an appeal by the Counties from the decision of the Director because the Counties do not have standing to invoke the jurisdiction of BOTA or this court. We dismiss the appeal.

The Board of County Commissioners of Meade County appealed a 1989 certification by the Division of assessed valuation of Panhandle Eastern. BOTA held a hearing on the following issues: Is the personal property of a public utility exempt pursuant to the merchants' and manufacturers' inventory exemption contained in Article 11, § 1(b)(1) of the Kansas Constitution; is the

personal property of a public utility exempt pursuant to Kansas statutes; is non-current gas inventory; and is the Division's calculation of the value of the exemption proper if the property is found to be exempt? BOTA held that public utilities do not qualify as merchants and manufacturers, so their inventories are not subject to exemption pursuant to Article 11 of the Kansas Constitution or K.S.A. 79-201m. The Kansas Supreme Court reversed BOTA in *Colorado Interstate Gas Co. v. Board of Morton County Comm'rs*, 247 Kan. 654, 802 P.2d 584 (1990).

After *Colorado*, most state-assessed public utilities requested the Director to exempt their inventories from property taxation for the 1990 tax year, and the Director granted these exemptions. These public utilities had previously requested the exemption of their inventories prior to the June 15, 1990, certifications and *Colorado*, but the Director denied those requests. The public utility valuations for the 1990 tax year were certified a second time by the Director, with the assessment of the exempt inventory removed from the assessment rolls sent to the counties. The unit value of each state-assessed utility and the inventory value remained unchanged. The exempt assessed value was transferred to the exempt assessment rolls from the taxable assessment rolls. To do this, the same methodology used since the first exemption became applicable to public utilities several years ago, and also approved in *Colorado*, was used.

The Director issued a recertification dated January 17, 1991, indicating a total assessed valuation for Panhandle Eastern in Meade County of $1,427,291. The earlier certification, dated June 15, 1990, also indicated a total assessed valuation for Panhandle Eastern of $1,427,291. According to the Director, Panhandle Eastern requested, after *Colorado*, an exemption of all merchants' and manufacturers' inventory owned by Panhandle Eastern and located in Meade County. As a result of this request, the Director granted an exemption and recertified the distributed assessed valuation, by taxing unit, for Panhandle Eastern property as fixed for the 1990 tax year in Meade County. The methodology used by the Division in 1990 to calculate the inventory exemption was the same method used in 1989. The Board of County Commissioners of Meade County then appealed to BOTA on the following

issues: correlated unit value, value of exempt property, and authority of the Director to amend a 1990 value.

In addition, the Director certified the assessed valuation of Colorado Interstate Gas Company (CIG) to Morton County on June 15, 1990. CIG then appealed the Director's valuation to BOTA. In September 1990, the Director and CIG stipulated to reserve resolution of the exemption issue pending the Supreme Court's decision in *Colorado*, 247 Kan. 654. The Supreme Court filed its opinion in December 1990, and CIG requested the Director to recertify.

In January 1991, the Director determined CIG was entitled to an exemption of all its merchants' and manufacturers' inventory, so the Director recertified the distributed assessed valuation, by taxing unit, for CIG property for the 1990 tax year. The method used to calculate the inventory exemption in 1990 was the same as used in 1989. On January 14, 1991, the Director sent the Morton County Clerk this corrected certification, indicating the total assessed value for all CIG property in Morton County was $5,685,070. The Morton County Board of County Commissioners appealed both certifications to BOTA on the following issues: correlated unit value, value of the exempt property, and the authority of the Director to amend a 1990 value.

BOTA allowed Panhandle Eastern to intervene in the appeal. BOTA considered the Counties' appeals together and dismissed them upon motion by the Director and Panhandle Eastern. BOTA held the Counties had standing and had timely appealed, but found that the *Colorado* case had considered the identical claims presented by the same parties. The Counties timely appealed to this court. CIG's motion to file an *amicus curiae* brief was granted, but its motion to intervene or participate in oral argument was denied.

The issue of the Counties' standing and BOTA's jurisdiction was not raised by the Counties but was raised and briefed by the Director. The Director, however, did not file a cross-appeal. The general rule is that this court may not consider an appellee's new issue unless a cross-appeal is filed. Raising new issues in a docketing statement answer is not sufficient. See *Barkley v. Toland*, 7 Kan. App. 2d 625, 627, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982). However, "[a]n appellate court has the duty of

questioning jurisdiction on its own motion. If the record discloses a lack of jurisdiction, the appeal must be dismissed." *Resolution Trust Corp. v. Bopp*, 251 Kan. 539, Syl. ¶ 2, 836 P.2d 1142 (1992). The Director argues if BOTA lacked jurisdiction to hear the Counties' appeal, this court also lacks jurisdiction to consider the Counties' appeal. Because the Counties' standing and BOTA's jurisdiction are jurisdictional issues, this court will consider them although they were not raised by the Counties and no cross-appeal was filed.

The Director argues BOTA lacked subject matter jurisdiction pursuant to K.S.A. 74-2438 because that is a taxpayer relief statute which fails to grant a county appeal rights. The Director also contends the Counties lack standing to invoke BOTA's jurisdiction pursuant to K.S.A. 74-2438 because the Counties suffered no injury in fact and, therefore, are not aggrieved. CIG and Panhandle Eastern concur with the Director's arguments.

In its reply brief, the Counties argue BOTA had jurisdiction to hear the appeal and the Counties had standing. In addition, the Counties contend these issues previously were raised in *Colorado* and are res judicata.

These jurisdictional issues are not res judicata. In *Colorado Interstate Gas Co. v. Board of Morton County Comm'rs*, 247 Kan. 654, it was the taxpayer, not the Counties, that appealed the BOTA decision. Appellants Panhandle Eastern, CIG, and Northern Natural Gas Company appealed a BOTA decision reversing the Director's determination that "stored natural gas belonging to appellants constituted merchants' and manufacturers' inventory and was thus exempt from ad valorem taxation pursuant to Article 11, § 1 of the Kansas Constitution." 247 Kan. at 655. No one contended that the taxpayers lacked standing. The primary issue was "the proper interpretation of the constitutional amendment involved." 247 Kan. at 656.

The issues of BOTA's jurisdiction to hear the Counties' appeal and the Counties' standing to appeal to BOTA were raised and extensively briefed in *Colorado*. The same jurisdictional issues raised in the present case were raised by the parties in *Colorado*. Although the *Colorado* court did not specifically address these issues in its opinion, the court did consider and decide the merits of the case.

Regardless of whether BOTA had jurisdiction, the court in *Colorado* could and did assume jurisdiction to assure justice, *i.e.*, reversal of BOTA's ruling denying the taxpayers' exemptions of merchants' and manufacturers' inventory from ad valorem taxation. The Supreme Court is the final arbiter in determining statutory jurisdiction requirements. *State v. Griffen*, 241 Kan. 68, Syl. ¶ 1, 734 P.2d 1089 (1987). Conversely, this court is not the final arbiter on questions of jurisdiction and must apply the requirements for appellate jurisdiction as found in our statutes, rules, and case law. See *State v. Duckett*, 13 Kan. App. 2d 122, 126, 764 P.2d 134 (1988), *rev. denied* 244 Kan. 739 (1989).

In this appeal by the Counties, we conclude that they did not have standing pursuant to K.S.A. 74-2438 to invoke the jurisdiction of BOTA or this court.

K.S.A. 79-5a01 *et seq.* expressly mandates the valuation and assessment of public utility property to be performed by the Division. "The director of property valuation shall annually determine the fair market value of public utility property, both real and personal, tangible and intangible, of every public utility as defined in subsection (a) of K.S.A. 79-5a01 and amendments thereto." K.S.A. 79-5a04. The only mention of "county" involvement in the entire statutory scheme is that property of *excluded* entities shall be valued by the county or district appraiser, and the county clerk shall include such valuation in the tax base for the purpose of arriving at the mill levy. K.S.A. 79-5a01(b); K.S.A. 79-5a04(e).

The statutory scheme expressed in K.S.A. 79-5a01 *et seq.* embodies the only authority for the appraisal of public utility property. The listing and appraisal of such property is expressly excluded from the power and duties of county and district appraisers. K.S.A. 79-1412a provides: "County appraisers and district appraisers shall perform the following duties: . . . *Second.* Annually, as of January 1, supervise the listing and appraisal of all real estate and personal property in the county subject to taxation *except state appraised property*." (Emphasis added.) The statutes clearly reserve authority over state-assessed property to the Division while expressly excluding a county from exercising such authority.

In addition, procedures established by statute to appraise and assess public utility property contemplate no county involvement. The Division sends *public utilities* a "statement" of appraised valuation "[b]efore the assessed valuation of public utility property is finally determined." K.S.A. 79-5a05. The statute further provides public utilities the right to request an informal conference with the Division. In pertinent part, the statute provides that, upon the proper notification, "the director shall hold an informal conference *with the public utility* and shall issue a written finding, ruling, order, decision or other final action thereon, which . . . shall become effective for purposes of the appeal as provided by K.S.A. 74-2438." (Emphasis added.) K.S.A. 79-5a05. Nowhere in this statutory scheme are counties considered part of the valuation and assessment process. In keeping with the philosophy of attaining uniformity in the valuation and assessment of public utility property, the informal conference regarding valuation involves *only* the Division and the public utility.

Therefore, it is implicit in K.S.A. 79-5a05 that *only* the utilities have the right, pursuant to K.S.A. 74-2438, to appeal the Division's final action to BOTA. K.S.A. 74-2438 requires the "aggrieved person" to file notice of appeal of a final action taken by the Division within 30 days. Under K.S.A. 79-5a05, however, the Division's decision is effective for purposes of appeal pursuant to K.S.A. 74-2438 "three days following the mailing of a copy thereof *to the public utility*." (Emphasis added.) The statute does not provide an opportunity for a county to participate in the informal conference, nor does it provide for notice to a county of the final action taken. If a county was intended to have appeal rights, the statute would, at the very least, provide notice to the county of the final action so that county authorities could calendar the running of the 30-day window of opportunity to appeal.

The scheme outlined in K.S.A. 79-5a01 *et seq.* extends no authority or involvement whatsoever in the valuation and assessment of public utility property to a county. One of the principal objectives of these provisions is the attainment of uniformity in the valuation and assessment of public utility properties extending throughout more than one county within the state that, from their nature, constitute a unitary system. See *Northern Natural Gas Co. v. Bender*, 208 Kan. 135, 139, 490 P.2d 399

(1971), *cert. denied* 406 U.S. 967 (1972). Clearly, the legislature did not intend to destroy that uniformity by giving counties standing to dispute the Division's assessment.

Courts consistently have recognized that a county need not be involved and is not a proper party at interest in matters of state-assessed property valuation. *Atchison, T. & S. F. Ry. Co. v. Lennen,* 531 F. Supp. 220, 234 (D. Kan. 1981). In *Atchison, T. & S. F. Ry. Co.,* several railroads filed an action against the Department of Revenue, the Secretary of Revenue, and the Division of Property Valuation, alleging the State of Kansas illegally assessed and collected property taxes in violation of 49 U.S.C. § 11503 (Supp. III 1979). The defendants raised the question whether counties, on which railroad property was located, were necessary or indispensable parties to the cause of action. 531 F. Supp. at 233. The court reasoned that the original defendants, as the parties responsible for valuation and assessment of the property, were the only necessary parties. The court held it was not necessary to join the counties as defendants because "[w]here assessment of state assessed property is the issue, complete relief may be afforded without the addition of county officials. . . . *They have no legal interest in the resolution of the issues in this action."* (Emphasis added.) 531 F. Supp. at 234. Accord *Marion Cty. Bd. of Rev. v. Tax Com'rs,* 516 N.E.2d 1129 (Ind. Tax 1987) (county board does not have due process right to bring appeal under either federal or state Constitutions).

Despite the statutory schemes dictating no county involvement in the appraisal and assessment of public utility property, the Counties sought to invoke the authority of BOTA pursuant to K.S.A. 74-2438, which provides as follows:

"An appeal may be taken to the state board of tax appeals from any finding, ruling, order, decision, or other final action on any case of the director of taxation or director of property valuation by any person aggrieved thereby. Notice of such appeal shall be filed with the secretary of the board within 30 days after such finding, ruling, order, decision or other action on a case, and a copy served upon the director concerned. Upon receipt of a timely appeal, the board shall conduct a hearing in accordance with the provisions of the Kansas administrative procedure act. The hearing before the board shall be a de novo hearing unless the parties agree to submit the case on the record made before the director. No interest shall accrue on the amount of the assessment of tax subject to any such appeal beyond 120

days after the date the matter was fully submitted, except that, if a final order is issued within such time period, interest shall continue to accrue until such time as the tax liability is fully satisfied, and if a final order is issued beyond such time period, interest shall recommence to accrue from the date of such order until such time as the tax liability is fully satisfied."

K.S.A. 74-2438 clearly is a taxpayer relief statute. Because counties have no legal interest in the resolution of issues related to state assessments of property, 531 F. Supp. at 234, they cannot be considered as aggrieved persons under the statute. In order to be an "aggrieved person" afforded standing to appeal, a party must show an invasion of a personal legal right or a direct injury to a personal pecuniary interest. *Linsea v. Board of Chase County Comm'rs*, 12 Kan. App. 2d 657, 661, 753 P.2d 1292, *rev. denied* 243 Kan. 779 (1988). Morton County admits that it has no pecuniary injury and receives the same amount of tax dollars whether or not the taxpayers' values are adjusted.

Also, the provision providing that "[n]o interest shall accrue on the amount of the assessment of tax subject to any such appeal beyond 120 days" makes no sense if applied to a county appellant. The legislature is presumed not to enact a senseless act. *In re Adoption of Baby Boy L.*, 231 Kan. 199, 209, 643 P.2d 168 (1982). Likewise, the construction of a legislative act which renders a part of it surplusage is to be avoided. See, *e.g., State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

The legislature can and does give counties appeal rights, and, when it does so, it does so expressly. See, *e.g.,* K.S.A. 1992 Supp. 79-1413a (authorizing a county to request that BOTA order a reappraisal within the county); K.S.A. 79-1441a (repealed L. 1992, ch. 131, § 10, July 1, 1992) (authorized a county to appeal the assessment/sales ratios determined for the county to BOTA). Unlike these statutes, K.S.A. 74-2438 does not expressly provide a county with appeal rights.

If counties are not given appeal rights by K.S.A. 74-2438, it is axiomatic that BOTA had no jurisdiction to hear county appeals filed pursuant thereto. Administrative agencies are creatures of statute, and their power is dependent upon authorizing statutes, so any warrant for exercise of authority claimed by the agency must come from within the statute. *Pork Motel, Corp. v. Kansas Dept. of Health & Environment*, 234 Kan. 374, 378, 673 P.2d

1126 (1983). BOTA is a creature of the legislature. Its authority and power is only such as is expressly or impliedly given by legislative enactment. *Vaughn v. Martell*, 226 Kan. 658, 660, 603 P.2d 191 (1979). If BOTA attempts to exercise jurisdiction over a subject matter not conferred by the legislature, its orders with respect thereto are without authority of law and void. *Walkemeyer v. Stevens County Oil & Gas Co.*, 205 Kan. 486, 492, 470 P.2d 730 (1970); *Republic Natural Gas Co. v. Axe*, 197 Kan. 91, 96, 415 P.2d 406 (1966); *Salina Airport Authority v. Board of Tax Appeals*, 13 Kan. App. 2d 80, 87, 761 P.2d 1261, *rev. denied* 244 Kan. 738 (1988).

We hold that, pursuant to K.S.A. 74-2438, BOTA lacked jurisdiction to hear the Counties' appeal. Therefore, this court also lacks jurisdiction.

Appeal dismissed.