Dale M. Dennis Interim Commissioner of Education Kansas State Board of Education 120 S.E. 10th Avenue Topeka, Kansas 66612-1182
Dear Mr. Dennis:
As interim commissioner of education, you request our opinion regarding the constitutionality of provisions of K.S.A. 1994 Supp.72-1906. Specifically, you ask whether the provisions result in an unlawful delegation of legislative powers.
In 1994, the Kansas legislature authorized through adoption of K.S.A. 1994 Supp. 72-1903 et seq. the establishment and operation of charter school programs, school programs that operate within the structure of a unified school district, but independently from other school programs of the district. See K.S.A. 1994 Supp.72-1903. Establishment of a charter school program is achieved by following the procedure set forth in K.S.A. 1994 Supp. 72-1906, and essentially involves submitting a petition to a local board of education and the state board of education for review and approval.
 "(f) If a charter school that has been approved for establishment has sought waiver from any school district policy, state board of education rules and regulations, or statutory requirements, the board of education of the school district in which the charter school will be established may consider the reasons for which the waivers have been requested. If the board of education determines that the reasons for seeking such waiver are meritorious and legitimately related to successful operation of the charter school, the board of education may grant waiver of school district policy and may make application, on behalf of the charter school, to the state board of education for waiver of state board rules and regulations or statutory requirements. The state board may consider the application for waiver and approve, deny, or amend and approve the application. Upon approval or amendment and approval of the application, the charter school may operate under the terms and conditions of the waiver. The manner and method of exercising the rights and performing the responsibilities, duties and functions provided for under any school district policy, state board rules and regulations, or statutory requirements that are waived under authority of this subsection shall be prescribed in the charter and governed thereby." K.S.A. 1994 Supp. 72-1906 (emphasis added).
Neither the United States constitution nor the Kansas constitution expressly provides for separation of powers of the three branches of government. State ex rel. Stephan v. Kansas House ofRepresentatives, 236 Kan. 45, 59 (1984). "Although the Kansas Constitution contains no express provision requiring the separation of powers, `separation is accomplished by the establishment of the three branches of government and the distribution of the various sovereign powers to each of them.'"State v. Williamson, 253 Kan. 163, 166 (1993), quoting State v.Dedman, 230 Kan. 793, 797 (1982). See also Leek v. Theis,217 Kan. 784, 804 (1975). The very structure of the three branch system of government gives rise to the doctrine. Kansas House ofRepresentatives, 236 Kan. at 59. The separation of powers doctrine is designed to avoid a dangerous concentration of power and to allow respective powers to be assigned to the department best fitted to exercise them. Leek, 217 Kan. at 805. An absolute separation of powers is impossible, and a flexible, pragmatic and practical approach to the doctrine is proper, with a usurpation of powers existing only when there is a significant interference by one department with another department's operations. State v.Reed, 248 Kan. 792, 798 (1991). In determining whether or not a usurpation of power exists, a court should consider (a) the essential nature of the power being exercised; (b) the degree of control by one department over another; (c) the objective sought to be attained by the legislature; and (d) the practical result of the blending of powers as shown by actual experience over a period of time. Reed, 248 Kan. at 792, syl. para. 4.
Generally speaking, the legislative power is the power to make, amend, or repeal laws; the executive power is the power to enforce the laws; the judicial power is the power to interpret and apply the laws in actual controversies. State ex rel. Stephan v.Finney, 251 Kan. 559, syl. para. 3 (1992). Although the legislative power of the state is vested in a house of representatives and senate by the constitution of the state, the constitution further directs the legislature to provide for a state board of education and states "[t]he state board of education shall perform such other duties as may be provided by law." State ex rel. v. State Board of Education, 215 Kan. 551,554 (1974); Kan. Const., art. 6, sec. 2. Accordingly, under sections 1 and 2 of article 6 of the Kansas constitution, the state board of education is authorized to perform any duties pertaining to the educational interests of the state which the legislature deems wise and prudent to impose upon the board, and the legislature has authority to delegate to that board the power to perform duties which, in the general classification of powers of government, are legislative in character. Id. at 556. Where flexibility in fashioning administrative regulations to carry out statutory purpose is desirable in light of complexities in the area sought to be regulated, the legislature may enact statutes in a broad outline and authorize the administrative agency to fill in the details. Guardian Title Co. v. Bell, 248 Kan. 146, 154
(1991). However, the legislature may not delegate to another body the authority to adopt or determine laws contrary to express statutory provisions. Republic Natural Gas Co. v. Axe,197 Kan. 91, 96 (1966).
In this instance, the legislature has conferred upon the state board of education the authority to waive statutory requirements when such waiver is "meritorious and legitimately related to successful operation of the charter school." K.S.A. 1994 Supp.72-1906. Under the parameters established in K.S.A. 1994 Supp.72-1906, it is conceivable the state board of education could waive statutory requirements regarding everything from accessibility to fire safety and prevention to weed control and eradication. The apparent objective was to facilitate establishment of charter schools with a minimum of state interference. The result, however, is the complete and total delegation to the state board of education the authority to adopt or determine laws contrary to express statutory provisions. Such delegation of legislative authority violates the Kansas constitution.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm