(764 P.2d 134)

No. 61,505

STATE OF KANSAS, *Appellee*, v. EARNEY R. DUCKETT, *Appellant*.

Opinion filed November 18, 1988.

*Jessica R. Kunen*, deputy appellate defender, and *Benjamin C. Wood*, chief appellate defender, for the appellant.

*Debra L. Barnett*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before REES, P.J., DAVIS, J., and PORTER K. BROWN, District Judge, assigned.

REES, J.: In this criminal case, defendant Earney R. Duckett was found guilty of indecent liberties with a child, a class C felony, (K.S.A. 1987 Supp. 21-3503) and sentenced to a term of 4 to 20 years. The imposed sentence's minimum is one year more than the statutory minimum and its maximum is the statutory maximum (K.S.A. 1987 Supp. 21-4501[c]).

Defendant was adjudged guilty upon the trial court's acceptance of his guilty plea on April 13, 1987. Imposition of sentence was pronounced on May 26, 1987. The adjudication and sentence imposition were memorialized by a journal entry filed June 1, 1987. Neither in that journal entry, the appearance docket, nor elsewhere in the record on appeal does it appear that the sentence was ordered to run consecutive to any other sentence or that, by operation of K.S.A. 1987 Supp. 21-4608, the sentence was to be served as a consecutive term. On the contrary, the journal entry recites defendant was granted jail time credit from January 23, 1987, as provided by K.S.A. 21-4614.

Defendant filed a sentence modification motion on May 27, 1987, the first day after his sentence was pronounced. As recited by a journal entry filed September 24, 1987, that motion was denied on September 4, 1987, without a hearing. Defendant had

no right to a hearing on that motion or to be present at its consideration. *State v. Jennings*, 240 Kan. 377, 379, 729 P.2d 454 (1986).

Defendant's notice of appeal was filed on September 16, 1987. It reads: "Notice is hereby given by the defendant . . . of his intention to appeal *the denial of the motion to modify* entered on September 4, 1987." (Emphasis added.)

We pause to observe that the "Statement of the Issues Proposed to be Raised" set forth in defendant's docketing statement is: "Whether the [trial] court abused its discretion when *sentencing* defendant and refusing to have a hearing on the Motion to Modify Sentence." It is asserted in defendant's brief that "[defendant] *appeals from the sentence* he received . . . and the trial court's failure to modify sentence or hold a hearing on the motion to modify," and that "[h]e also appeals the [trial court's] denial of his request for the sentencing transcript." (Emphasis added.) We are satisfied that neither of these assertions may serve to identify or expand the scope of the trial court decisions and rulings now on appeal before us. Were it otherwise, circumvention of certain of our statutes and rules concerning appeals and appellate procedure would occur.

The complaint most vociferously argued by defendant on appeal is that the trial court erred in declining his request for a transcript of the May 26, 1987, sentencing hearing. He argues that he was entitled to a transcript of the sentencing hearing to enable him to prosecute his appeal from his sentencing.

It seems clear to us that, if defendant was not appealing from his sentencing, defendant's posited basis for entitlement to a transcript of the sentencing hearing was insufficient. Thus, we confront the question whether, at the time of defendant's transcript request, his now purported appeal from his sentencing was viable.

Our appellate jurisdiction is as provided by law. Kan. Const. art. 3, § 3. Our statutes and rules governing appeals in civil cases apply to and govern appeals in criminal cases. K.S.A. 22-3606. Unless otherwise indicated, our rules relating to appellate practice apply to both civil and criminal appeals and govern procedure in the appellate courts. Rule 1.01(e) (1987 Kan. Ct. R. Annot. 1).

An appeal may be taken by a criminal defendant from any

district court judgment against that person and any decision or intermediate order of the district court made in the progress of the case may be reviewed. K.S.A. 1987 Supp. 22-3602. An appeal from a district court judgment is taken by filing a notice of appeal that must designate the judgment or part thereof appealed from. Appellate review is limited to the judgments or orders specified in the notice of appeal and matters within the purview of those specified judgments or orders. K.S.A. 60-2103(a) and (b); *State v. Aeby,* 191 Kan. 333, 335, 381 P.2d 356 (1963).

It has been held that where, as here, a criminal defendant pleads guilty and thereafter appeals from the sentence imposed, appellate review of the sentence is available. *State v. Bennett,* 240 Kan. 575, 576-77, 731 P.2d 284 (1987). But, no appeal may be taken from denial of probation after a guilty plea. *State v. Hamilton,* 240 Kan. 539, 540, 731 P.2d 863 (1987).

In *Hamilton,* sentence was imposed upon a guilty plea and a subsequent sentence modification motion was denied. The Supreme Court reviewed the sentence and the denial of the sentence modification motion "[a]s the appellant [had] couched his appeal as one from the original sentence and denial of his motion for a modification thereof." 240 Kan. at 540. In the case before us, defendant's appeal was not "couched . . . as one from the original sentence and denial of his motion for a modification thereof." Instead, the language of defendant's notice of appeal explicitly identifies the denial of his sentence modification motion as the decision, order, or ruling from which his appeal was taken.

As provided by K.S.A. 1987 Supp. 22-4505(b), if defendant filed a *verified* motion stating that a sentencing hearing transcript was "necessary to enable [him] to prosecute the appeal" and if the trial court found that to be true, the trial court was to order that "such transcript be supplied to [him] as provided in K.S.A. 22-4509." By direction of K.S.A. 1987 Supp. 22-4509, defendant was to be supplied with a sentencing hearing transcript upon determination that the transcript was "necessary to enable [him] . . . to present [his appeal] adequately."

*State v. Griffen,* 241 Kan. 68, 69-70, 734 P.2d 1089 (1987), is instructive. K.S.A. 1987 Supp. 22-4509 requires that, for an indigent criminal defendant to be entitled to a transcript, it must be found that the transcript is *necessary to* adequately *prepare the*

*appeal.* The right to a free transcript is not absolute. Pursuant to *Britt v. North Carolina,* 404 U.S. 226, 227, 30 L. Ed. 2d 400, 92 S. Ct. 431 (1971), one factor in determining *necessity* of the requested transcript is the *value* of the transcript to the defendant in connection with the appeal. A particularized statement is not required but some information must be given upon which to determine the need; defendant must make it known to the trial court why the transcript is needed. In *Griffen,* the trial court denied defendant's motion for a transcript; defendant's appellate counsel, in his motion to the Supreme Court for the transcript, stated it " 'is necessary for adequate preservation of the right to appeal a sentencing determination.' " 241 Kan. at 71. On that record, the Supreme Court found no error in the denial of the transcript.

With the teaching of *Griffen* in mind, it is appropriate that we take into account that in the present case not only was defendant's motion for a transcript not verified, what the trial court had before it when called upon to rule on the transcript request was a notice of appeal from "the denial of the motion to modify" and the statement in the motion for a transcript that "A transcript [of the sentencing hearing] is necessary . . . to be able to properly prepare the . . . appeal of this case. The . . . court's ruling at sentencing [is] relevant to the claim of abuse of discretion on appeal."

A sentence modification motion is a request for reduction of an imposed penalty. K.S.A. 1987 Supp. 21-4603(3). As we view it, the previously imposed sentence is a given matter; it is an accomplished fact. We fail to see the relevance, need, or value of a narrative record of the original sentence imposition proceeding. Defendant did not demonstrate to the trial court and has not demonstrated to us how consideration of such record is related to consideration of a claim of abuse of discretion in the denial of a sentence reduction request. While a sentencing transcript might be expected to reveal trial court reasoning for sentencing imposition, it is not explained to our satisfaction how it might be expected that a sentencing transcript would reveal trial court reasoning for declining sentence reduction.

In sum, we conclude that in the case before us we cannot conclude that as a matter of law the trial court's denial of defendant's request for a transcript of the sentencing hearing was

erroneous. The motion for a transcript was not verified. By the explicit language of the notice of appeal, defendant's appeal was from the denial of his sentence modification motion, not from his sentencing. We are not persuaded that a sentencing hearing transcript was relevant, necessary, or of value in prosecution of his appeal from denial of sentence reduction.

Although our reasoning varies from that given by the trial court for denial of the transcript, it is for us to decide whether the trial court was correct, not whether the grounds upon which it professed to proceed are tenable. *Johnson v. Boeing Airplane Co.*, 175 Kan. 275, 283, 262 P.2d 808 (1953); *City of Overland Park v. Barnett*, 10 Kan. App. 2d 586, 596, 705 P.2d 564 (1985).

In line with what we have said, it is our conclusion that defendant did not sufficiently comply with our statutes and rules so as to perfect an appeal by which he may obtain review of his sentencing. We reach that conclusion even though the State has not been misled or caused surprise or prejudice. See *Griffen*, 241 Kan. at 70. The Supreme Court says in *Griffen* that it "is the final arbiter in determining whether statutory jurisdictional requirements have been met in any case filed in the courts of Kansas." 241 Kan. at 69-70. Not being the final arbiter on questions of jurisdiction, we have applied requirements for appellate jurisdiction as found in our statutes, rules, and case law. Nothing obstructed the ability of trial or appellate defense counsel to timely designate in the notice of appeal, or in an amended notice of appeal, defendant's sentencing as a judgment or decision from which appeal was taken.

Finding that we have no jurisdiction to review defendant's sentence imposed on May 26, 1987, for the reason that it is a judgment, decision, or order beyond the scope of the notice of appeal, we need not and do not address defendant's contention that there was an abuse of discretion by the trial court that tarnishes the sentence.

We are convinced the trial court did not abuse its discretion in failing to hold a hearing on defendant's sentence modification motion or in denying that motion. As mentioned, defendant had no right to a hearing. *Jennings*, 240 Kan. at 379. In summarily declining the motion, the trial court considered defendant's criminal record and the August 26, 1987, SRDC report. Contrary to counsel's assertion, the SRDC report did not recommend

probation; it concluded that defendant was a risky candidate for probation.

Affirmed.