(829 P.2d 927)

No. 67,028

The City of Ottawa, *Appellee*, v. Ronda J. McMechan, *Appellant*.

Opinion filed April 24, 1992.

*David R. Gilman*, of Law Offices of David R. Gilman, of Overland Park, for appellant.

*John W. Cole*, of Anderson, Byrd, Richeson & Flaherty, of Ottawa, for appellee.

Before Briscoe, C.J., Davis and Elliott, JJ.

Elliott, J.: Ronda McMechan challenges the district court's decision that her appeal to that court from the municipal court judgment against her was not timely.

We reverse and remand with directions.

Defendant was convicted in municipal court of DUI and driving with a suspended license. Within 10 days, she filed a notice of appeal with the district court clerk, as required by K.S.A. 22-3609(2). The notice of appeal, however, stated the appeal was being taken to the Court of Appeals. Outside the 10-day period, an amended notice of appeal was filed stating the appeal was being taken to the district court.

The district court dismissed the appeal as being untimely due to the original notice's designation of the wrong court. The district court's dismissal was based on its interpretation of a statute. Our review of questions of law is unlimited. *Hutchinson Nat'l Bank & Trust Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

K.S.A. 22-3609 provides in part:

"(2) An appeal to the district court shall be taken by filing, in the district court of the county in which the municipal court is located, a notice of appeal and any appearance bond required by the municipal court. Municipal court clerks are hereby authorized to accept notices of appeal and appearance bonds under this subsection and shall forward such notices and bonds to the district court. No appeal shall be taken more than 10 days after the date of the judgment appealed from.

"(3) The notice of appeal shall designate the judgment or part of the judgment appealed from. The defendant shall cause notice of the appeal to be served upon the city attorney prosecuting the case."

The question presented is whether incorrectly naming the court to which the appeal is taken invalidates the notice and leaves the district court without jurisdiction. No criminal cases in this state directly address the question.

The notice of appeal in the present case did not lack any mandated requirements of K.S.A. 22-3609. That statute merely requires that the notice of appeal state what part of the judgment is being appealed. K.S.A. 22-3609(3).

On the other hand, K.S.A. 22-3606 provides that except as otherwise provided by statute or Supreme Court rule, statutes and rules governing civil appeals shall govern criminal appeals. And, K.S.A. 1991 Supp. 60-2103(b) states that a notice of appeal shall name the appellate court to which the appeal is taken.

In *Alliance Mutual Casualty Co. v. Boston Insurance Co.*, 196 Kan. 323, 411 P.2d 616 (1966), a notice of appeal from the district court omitted the words "to the Supreme Court." The court held that where there is but one court to which an appeal may be taken, the failure to name that court in the notice of appeal is a mere irregularity to be disregarded unless the appellee has been misled. 196 Kan. at 326-27.

In the present case, the district court is the only statutorily permitted court to which defendant may appeal. K.S.A. 12-4602; 22-3609(1). The City has not cited any prejudice it has suffered from the incorrect naming of the appellate court.

Further, in *Harvey v. Harvey*, 215 Kan. 472, 476, 524 P.2d 1187 (1974), a defendant did not state the original judgment appealed from—another requirement of 60-2103(b). The district court allowed the defendant to file an amended notice of appeal including the missing element, even though the amended notice

was beyond the time limit. The Supreme Court called this error by defendant "technical" and indicated it should be disregarded.

In the present case, defendant misstated the court to which she was appealing, but the district court is the only court to which she was statutorily permitted to appeal. No one was misled by the error. Following *Alliance Mutual* and *Harvey*, the technical error should have been disregarded.

Reversed and remanded with directions to reinstate the appeal.