(836 P.2d 584)

No. 67,256

STATE OF KANSAS, *Appellee,* v. DAVID D. DUGAN, *Appellant.*

—

Opinion filed August 14, 1992.

*Thomas Jacquinot,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*Margaret A. Lutes,* assistant district attorney, *Gene M. Olander,* district attorney, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., ELLIOTT and PIERRON, JJ.

BRISCOE, C.J.: Defendant David Dugan appeals from the denial of his motion to modify sentence, alleging the district court abused its discretion by ignoring the Topeka Correctional Facility's (TCF) recommendation that he be placed on probation. After concluding we have jurisdiction to consider this appeal, we find a recommendation of probation was made by TCF. We reverse the district court's denial of the motion to modify and remand for reconsideration of the motion to allow the district court to either reduce the sentence or make the necessary findings pursuant to K.S.A. 1991 Supp. 21-4603(4)(a).

On February 11, 1991, Dugan entered no contest pleas to charges of attempted indecent liberties with a child, K.S.A. 1991 Supp. 21-3301 and K.S.A. 1991 Supp. 21-3503, a class D felony; theft of property valued at less than $500, K.S.A. 21-3701, a class A misdemeanor; and obstructing legal process or official duty, K.S.A. 21-3808, a class A misdemeanor. All of these crimes occurred in either September or October 1990. In return for these pleas, the State dismissed all other charges pending against Dugan and agreed to recommend a one- to five-year prison sentence on the felony charge with the sentences on the misdemeanor charges

to run concurrent to the felony sentence. On March 12, 1991, Dugan was sentenced to one year on each of the misdemeanor counts and to one to five years on the felony count, with the sentences to run concurrently. On that same date, Dugan filed a motion to modify sentence. He was subsequently evaluated at the TCF, formerly the State Reception and Diagnostic Center (SRDC), which recommended:

"In spite of our concerns, we do believe that Mr. Dugan's welfare, as well as that of society, might be best served if he is placed on a well-supervised probation. Residential Community Corrections would be the ideal situation, but by virtue of his offense, he might not be eligible for that option. Therefore, we are advising that he be allowed to return to live with his mother [under very restricted circumstances]."

Community Corrections prepared an addendum to the report, which concluded:

"In summary, based upon all available information in this case, Mr. Dugan remains a totally inappropriate candidate for Community Corrections placement as he appears to constitute a high risk to community safety and the likelihood of him benefiting from probation seems quite poor. Therefore, it is strongly recommended that the defendant's Motion to Modify Sentence be denied."

A sentence modification hearing was held on July 3, 1991, and the court ruled:

"Well, these decisions are very difficult. In light of—and let the record show that I am incorporating in this the Kansas Department of Corrections' report, dated May 8, 1991, in this case, as well as Mr. Colbach's [Community Corrections] report of July 1st, 1991; and considering the offense as we have it, and the sentence that the Court gave in this case, which I feel was very minimal considering the offense, I'm going to deny the application in both instances and not modify the sentence. That will be the order of the Court."

The sole issue raised by Dugan is whether the district court abused its discretion in denying his motion to modify where TCF recommended probation and the court failed to make the findings required by K.S.A. 1991 Supp. 21-4603(4)(a). As Dugan had received a minimum sentence after entering nolo contendere pleas, this court issued an order directing the parties to show cause why this appeal should not be dismissed for lack of jurisdiction pursuant to *State v. Beechum*, 251 Kan. 194, 833 P.2d 988 (1992).

Beechum had pled guilty and was sentenced to a minimum sentence. He then filed a motion to modify, which was denied

after the court received an SRDC report recommending continued incarceration. He appealed from the sentence imposed and the denial of his motion to modify, alleging the district court abused its discretion. Beechum did not contend that probation had been recommended by SRDC or that 21-4603(4)(a) applied to the district court's consideraton of his motion to modify. The Supreme Court held, absent allegations of partiality, prejudice, or corrupt motive, the appellate courts of this state have no jurisdiction to consider appeals from minimum sentences imposed following pleas of guilty or nolo contendere where the defendant is alleging only an abuse of discretion either in sentencing or in the denial of a motion to modify.

Although Dugan received a minimum sentence after entering pleas of nolo contendere and he alleges the district court abused its discretion in denying his motion to modify, the holding in *Beechum* does not require dismissal of this appeal for lack of jurisdiction. This court has jurisdiction to consider this appeal because Dugan contends the court failed to make the findings required in 21-4603(4)(a). When a defendant alleges a sentencing court has failed to comply with the statutory mandates of 21-4603(4)(a), this court has jurisdiction to review that allegation. To hold otherwise would subvert 21-4603(4)(a) by severely limiting appellate review of cases where it is alleged that the statute should have been followed by the district court, but was disregarded. In *State v. VanReed*, 245 Kan. 213, 217, 777 P.2d 794 (1989), this same exception was recognized to allow a direct appeal from a denial of probation in cases where K.S.A. 21-4606a applied:

"In the enactment of K.S.A. 21-4606a, the legislature has adopted a policy that the 'presumptive sentence' for certain class E felonies shall be probation or assignment to a community corrections program, absent any prior felony convictions. If this legislative policy is to have effect, decisions applying K.S.A. 21-4606a must be subject to appellate review. By the adoption of K.S.A. 21-4606a, the legislature has implicitly authorized a direct appeal of a decision by the sentencing court to deny the presumptive sentence. While we adhere to the general rule of *Haines* and *Hamilton* that there is no direct appeal from a denial of probation following a guilty or nolo contendere plea, we recognize a narrow exception to that rule for the purpose of reviewing a decision of the sentencing court denying a motion pursuant to K.S.A. 21-4606a for a presumptive sentence of probation. [Citation omitted.]"

Having concluded we have jurisdiction, we turn to the merits of the issue presented.

K.S.A. 1991 Supp. 21-4603(4)(a) states, in relevant part:

"[A]t any time within 120 days after a sentence is imposed, . . . the court may modify such sentence . . . by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits and shall modify such sentence if recommended by the Topeka correctional facility unless the court finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the inmate will not be served by such modification."

This court has considered this statute and noted:

"The statute requires that the court follow the SRDC recommendation unless the court makes the two findings set forth in the statute. It naturally follows that a recommendation by SRDC must first be made. . . . Absent an unequivocal recommendation for modification by the SRDC, the court has discretion in modifying sentence and commits no error in refusing modification of sentence absent an abuse of that discretion." *State v. Moon*, 15 Kan. App. 2d 4, 10, 801 P.2d 59 (1990), *rev. denied* 248 Kan. 998, *disapproved on other grounds State v. Sutherland*, 248 Kan. 96, 804 P.2d 970 (1991).

The State argues the TCF recommendation was equivocal because it used the word "might": "In spite of our concerns, we do believe that Mr. Dugan's welfare, as well as that of society, *might* be best served if he is placed on a well-supervised probation." The State also notes the report is filled with concerns that indicate probation might not be appropriate. A complete reading of the recommendation, however, shows there is no question the TCF officials believed probation was the appropriate result in this case. There is no other way to explain the following statement in the report: "Therefore, we are advising that he be allowed to return to live with his mother [under very restricted circumstances]."

The State argues the equivocal nature of the recommendation is apparent because the recommendation included a comment that, if the recommended restrictions could not be imposed, then incarceration was appropriate. The TCF recommendation was that Dugan be placed on probation with a number of extreme limitations. This is undoubtedly a recommendation for probation. TCF was acknowledging, however, that the restrictions as recommended might pose administrative or other practical problems

which could make probation impractical. Under 21-4603(4)(a), however, the very practical factors which might make probation impractical in this case could be used as the factors to support a conclusion that Dugan's welfare would not be served by probation or that the safety of the public would be jeopardized. If the court relied upon those concerns to deny probation, it should have so stated. See *State v. Reed*, 248 Kan. 792, Syl. ¶¶ 8, 9, 10, 811 P.2d 1163 (1991).

Once we conclude the TCF recommendation was that Dugan be placed on probation, 21-4603(4)(a) requires that the court either grant probation or make the two findings required by the statute. *Moon*, 15 Kan. App. 2d at 10. In this case, the court did not grant probation and did not make any findings. "Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused when no reasonable person would take the view adopted by the trial court." *State v. Wagner*, 248 Kan. 240, 242, 807 P.2d 139 (1991). In light of the requirements of 21-2603(4)(a) that the court either grant probation or make specific findings, the court's failure to do either can only be seen as arbitrary and unreasonable; therefore, the court abused its discretion.

Reversed and remanded.